# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **W.B.-1, A.B., and R.B.**

**No. 23-196** (Greenbrier County CC-13-2021-JA-52, CC-13-2021-JA-53, and CC-13-2021-JA-54)

## MEMORANDUM DECISION

Petitioner Father W.B.-2[1] appeals the Circuit Court of Greenbrier County's February 28, 2023, order terminating his parental rights to W.B.-1, A.B., and R.B.,[2] arguing that the circuit court erred in finding that there was no reasonable likelihood the conditions of abuse and neglect could be resolved in the near future and terminating his parental rights. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In September 2021, the DHS filed an abuse and neglect petition against the petitioner and the children's mother. The petition alleged that the petitioner exposed the children to domestic violence; abused illegal substances; and neglected the children's educational, medical, and dental needs. In December 2021, the petitioner stipulated that he abused and neglected the children by exposing them to domestic violence. The circuit court adjudicated the petitioner as an abusing and neglecting parent based upon the stipulation. The circuit court also granted the petitioner a post-adjudicatory improvement period. As part of the terms and conditions of his improvement period, the petitioner agreed, among other things, to complete a batterer intervention and prevention program ("BIPP"); maintain appropriate housing and financial stability; participate in a psychological and substance abuse evaluation and follow the recommendations; submit to random drug screens; and visit with the children. At an initial dispositional hearing in July 2022, the petitioner was granted a post-dispositional improvement period with the same terms and conditions

---

[1] The petitioner appears by counsel John C. Anderson II. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew Waight. Counsel Michael R. Whitt appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e). Further, because the petitioner and one child share the same initials, we refer to them as W.B.-2 and W.B.-1, respectively.

as his post-adjudicatory improvement period. The petitioner's post-dispositional improvement period was extended in October 2022.

The final dispositional hearing was held in February 2023. The DHS elicited testimony from the case worker who explained that the petitioner did not comply with the terms and conditions of his improvement periods. Specifically, the case worker testified that the petitioner failed to complete BIPP services; tested positive for Suboxone and oxycodone on multiple occasions; stopped attending drug screens; failed to follow the recommendations of his psychological and substance abuse evaluation; never obtained appropriate housing; and had sporadic visitation with the children. The petitioner testified that he was incarcerated in December 2022 on charges related to a domestic violence incident with the mother and attempted burglary. The petitioner remained incarcerated throughout the rest of the proceedings. The petitioner blamed his inability to complete BIPP services and obtain appropriate housing on his incarceration. Based upon the evidence presented, the circuit court found that the petitioner failed to avail himself of the services provided to him, demonstrated an unwillingness and inability to comply with the services, and did not follow through with the family case plan. As a result, the circuit court found that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected by the petitioner in the near future and that termination of his parental rights was necessary for the welfare of the children. Accordingly, the circuit court terminated the petitioner's parental rights.[3] It is from the dispositional order that the petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, the petitioner argues that the circuit court erred in finding that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected in the near future. In support, the petitioner contends that his incarceration prevented him from being able to participate in services or comply with the terms and conditions of his improvement period. We find this argument unavailing as the record supports the circuit court's findings.

West Virginia Code § 49-4-604(d) defines "no reasonable likelihood that conditions of abuse or neglect can be substantially corrected" to mean "the abusing adult or adults have demonstrated an inadequate capacity to solve the problems of abuse or neglect on their own or with help." There is little evidence of any attempt by the petitioner to ameliorate the circumstances that precipitated the filing of the petition prior to his incarceration. The circuit court found that during the year prior to the petitioner's incarceration, he failed to complete BIPP services, failed to attend drug screens, failed to complete psychotherapy, failed to regularly attend visits with the children, and failed to obtain appropriate housing. As such, the circuit court's finding that there was no reasonable likelihood the conditions of abuse and neglect could be substantially corrected in the near future was well-supported by the record and was not based on the petitioner's incarceration. Thus, the circuit court had a sufficient basis upon which to make the findings necessary to terminate the petitioner's parental rights. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental and custodial rights upon finding no reasonable likelihood the conditions of neglect can be substantially corrected in the near future and when

---

[3] The permanency plan for the children is reunification with the mother.

necessary for the child's welfare). Accordingly, termination of the petitioner's parental rights was not in error.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 28, 2023, order is hereby affirmed.

Affirmed.

**ISSUED**: June 10, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn